## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| EAGLE BEAR, INC. and WILLIAM BROOKE,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>THE BLACKFEET INDIAN NATION and THE BLACKFEET TRIBAL COURT,<br><br>　　　　　Defendants. | CV-21-88-GF-BMM<br><br>**ORDER** |

The Court now has two motions pending in this matter. The Blackfeet Indian Nation and the Blackfeet Tribal Court ("Defendants") have filed a motion to dismiss. (Doc. 21.) The parties have fully briefed that motion and the Court heard oral argument. (Doc. 40.) Eagle Bear and William Brooke ("Plaintiffs") recently filed a Second Motion for Preliminary Injunction. (Doc. 50.) At issue in both motions is the question whether the Bureau of Indian Affairs cancelled the April 9, 1997 lease

between Eagle Bear and the Blackfeet Indian Nation as a result of late rent payments made by Eagle Bear. As the Court noted in its denial of Eagle Bear's first Motion for a Preliminary Injunction, the Court cannot conclusively answer this question until the record before the Court is complete. (Doc. 27 at 4.) The Court listed all of the documents that it has relied upon to-date in the order denying the preliminary injunction. (*Id.* at 2-3.)

After a prolonged history adjudicating the disputes pertaining to this lease, the Bureau of Indian Affairs (BIA) has begun acting on the potential 2008 lease cancellation. The IBIA remanded *Blackfeet Tribe v. Rocky Mountain Regional Director*, IBIA 19-082, to the BIA Regional Director for further consideration of this matter on March 3, 2022. (Doc. 49-1.) As far as the Court is aware, the BIA Regional Director has set no set timeline to make a determination on remand.

The Court recognizes that addressing the Parties' motions promptly proves particularly important. Eagle Bear expects to continue operations of the KOA campground in 2022. The Blackfeet Indian Nation, on the other hand, believes that the lease has been terminated and expects that it may use the leased land in the manner it sees fit. The Parties' expectations are mutually exclusive. In order to prevent further conflict and provide the Parties clarity, the Court would be best served with knowledge of the records possessed by the BIA regarding the 2008 lease cancellation.

The Court set a hearing on the second preliminary injunction for May 24, 2022. (Doc. 52.) The Court requires the Parties to come prepared to discuss how the Court should obtain the BIA's records pertaining to the lease, and in particular any records regarding the 2008 lease cancellation.

Dated this 10th day of May, 2022.

_____
Brian Morris, Chief District Judge
United States District Court